IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACKIE OSBORNE,

        Plaintiff,                    No. CIV S-11-2725 GEB CKD PS

        vs.

ORANGE LAKE COUNTY CLUB,

        Defendant.                   <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff alleges diversity as the basis of subject matter jurisdiction. The federal venue statute requires that a civil action wherein jurisdiction if founded only on diversity of citizenship may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

        In this action, defendant is a Florida corporation and the claims pertain to a time share contract for property located in Florida. The contract at issue, paragraph 27, specifically provides that venue shall lie in Orange County, Florida, which is situated in the Middle District

of Florida.  Therefore, plaintiff's claim should have been filed in the United States District Court for the Middle District of Florida, Orlando Division.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Middle District of Florida, Orlando Division.

Dated: October 20, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
osborne.tra