# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JACKIE OSBORNE,

        **Plaintiff,**

-vs-                              **Case No. 6:11-cv-1699-Orl-18KRS**

ORANGE LAKE COUNTY CLUB,

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

        This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN THE DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **October 17, 2011** |

        Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a Plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

In the present complaint, Plaintiff alleges breach of contract and unauthorized misappropriation of funds. In order for this Court to have subject matter jurisdiction over these state law causes of action, Plaintiff must allege facts sufficient to show that there is complete diversity among the parties and that the amount in controversy exceeds $75,000.00.

Plaintiff alleges that she is a citizen of California and that Defendant Orange Lake Country Club Florida, LLC is a citizen of Florida. However, she also includes "Does 1 to 100" as Defendants in the caption of the complaint. Doc. No. 1. She does not allege the citizenship of each of these Defendants. Therefore, the allegations of the complaint are insufficient to show complete diversity among the parties.

Plaintiff alleges that the amount in controversy exceeds $75,000.00 "exclusive of attorney's fees and costs." Doc. No. 1 at 1. However, the contract attached as an exhibit to the complaint reflects that the amount Plaintiff paid as a downpayment, which she seeks to recover, is only $4,560.00. Doc. No. 1 at 5. Plaintiff alleges that she should receive treble damages -- $13,680.00 --

plus prejudgment interest -- $2,280.00 -- for a total of $15,960.00. *Id.* at 3. She also alleges that she is entitled to "Treble Damages pursuit Statute" in the amount of $70,000.00. It is unclear which of the statutes Plaintiff cites in the complaint that she relies on to reach the figure of $70,000.00, or how the underlying damages were computed to reach a trebled damage amount of $70,000.00. In any renewed complaint, Plaintiff must allege the basis of the amount in controversy more clearly.

Accordingly, I **recommend** that the Court **DISMISS** the case without prejudice and allow Plaintiff to file an amended complaint within fourteen days after the Court's order on this Report and Recommendation, and **DENY** the motion to proceed *in forma pauperis*, Doc. No. 2, without prejudice to refiling it with the amended complaint. I **further recommend** that the Court advise Plaintiff that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

In the amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute or common law. Plaintiff must set forth each cause of action in a different count. So, for example, Count I may allege breach of contract; Count II may allege violation of a Florida statute; etc. Plaintiff must name as Defendants only those persons who are responsible for the alleged violations as to each count of the amended complaint. Plaintiff should include in the caption of the amended complaint only the Defendants identified in the body of the amended complaint.

Further, Plaintiff should clearly describe how each named Defendant is involved in the alleged violation(s) in the body of the complaint in a section entitled "Statement of Facts." Plaintiff must allege some causal connection between each Defendant named and the injury allegedly sustained. One generally cannot be held liable for the actions and/or omissions of

others, but can only be held responsible if he or she participated in the deprivation of Plaintiff's rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must allege specifically how Plaintiff has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 21, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy