**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JACKIE OSBORNE,

                             **Plaintiff,**

-vs-                                          **Case No.  6:11-cv-1699-Orl-31KRS**

ORANGE LAKE COUNTY CLUB,

                             **Defendant.**

_____

# ORDER

This cause comes before the Court on a Motion to Dismiss (Doc. 30) filed by Defendant, Orange Lake Country Club ("Orange Lake"). Plaintiff, Jackie Osborne, ("Osborne") has not responded.

## I. Background

On June 21, 2009, Osborne, a resident of California, entered into a contract for the purchase of a timeshare condominium with Orange Lake, a resident of Florida. On the same day, Osborne made a down payment of $4,560 toward the total purchase price of $11,400. Immediately after entering into this agreement, Osborne changed her mind and requested that her down payment be returned pursuant to a provision which allows the purchaser to cancel the contract within ten days. Although she complied with the provision, Orange Lake refused to cancel the contract or to return her down payment. Osborne, however, considered the contract cancelled and failed to make the required monthly payments, prompting Orange Lake to send "false credit

reports to credit agencies that [Osborne] had failed to make payments on her obligation." (Doc. 17 at 4).

Plaintiff originally filed suit in California state court for breach of contract and obtained a judgment from the state small claims court in the amount of $4,560. Ostensibly "unable to enforce the judgment," on October 17, 2011, she filed the instant suit (pro se) in the United States District Court for the Eastern District of California, which was subsequently transferred to this Court on October 20, 2011. The Second Amended Complaint asserts causes of action for breach of contract (Count I), intentional infliction of emotional distress (Count II), defamation (Count III), and conversion (Count IV). Defendant now moves to dismiss each count pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**II. Analysis**

Defendant's Motion will be granted and Plaintiff's Second Amended Complaint will be dismissed without prejudice for two independent reasons explained below.

**A. Res Judicata**

In the Second Amended Complaint, Plaintiff mentions, in passing, a prior judgment against Orange Lake from a California state court. Upon review, the judgment appears to be valid and based on the same claim that Plaintiff asserts in Count I. (Doc. 1 at 29). Res judicata, or claim preclusion, bars "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, __U.S.__, 131 S.Ct. 1723, 1730 (2011) (citing *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948)). Claim preclusion applies when four conditions are met: (1) "the prior judgment must be valid in that it was rendered by a court of competent jurisdiction and in accordance with due

process;" (2) "the judgment must be final and on the merits;" (3) "there must be identity of both

parties or their privies;" (4) "the later proceeding must involve the same cause of action as

involved in the earlier proceeding." *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549-50 (11th Cir.

1990).

If Plaintiff's prior judgment is valid, as it appears to be, all of the instant claims are likely

barred by res judicata because they appear to arise out of a common nucleus of operative fact.

*O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355 (11th Cir. 2000). Plaintiff claims

that she has been unable to enforce the judgment against Defendant, but does not explain why. It is

not clear to the Court what effect this judgment has on the instant proceeding, if any, because both

parties fail to address it. The Court cannot make a competent ruling on the matter without more

information, so Plaintiff's claims will be dismissed without prejudice.

### B. Amount in Controversy

Defendant moves to dismiss the entire case under Rule 12(b)(1) for lack of subject matter

jurisdiction based on Plaintiff's failure to allege a sufficient amount in controversy. 28 U.S.C. §

1332(a). It argues that this case is really about the loss of a $4,560.00 down payment and that all

other claims for relief are "naked statements . . . not supported in anyway whatsoever and cannot

be substantiated from a plain reading of the Complaint." (Doc. 30 at 4).

Dismissal for failure to meet the amount in controversy is proper only where the pleadings

make it clear "to a legal certainty that the claim is really for less than the jurisdictional amount."

*Bradley v. Kelly Servs., Inc.*, 224 Fed. App'x 893, 895 (11th Cir. 2007). This question is one of

federal law, although a court must, of course, look to state law to determine the "nature and extent

of the right to be enforced in a diversity case." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53, 81 S.Ct. 1570, 6 L.Ed. 890 (1961). Where the sufficiency of the amount in controversy is challenged, the party seeking to invoke jurisdiction bears the burden of proving, "by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum," conclusory allegations are insufficient. *Id*. Rather, the party must set forth the underlying facts supporting such an assertion. *Id*.; *see also Leonard v. Enterprise Rent a Car*, 279 F.3d 967 (11th Cir. 2002).

In the Second Amended Complaint, Plaintiff claims damages for (1) $4,650 for breach of contract; (2) $50,000 for intentional infliction of emotional distress; (3) $30,000 for defamation; and (4) $25,000 for conversion.[1] Beyond the loss of her deposit, Plaintiff's claims are based on the lower credit rating she received after Defendant's alleged misrepresentation to the credit bureaus. As a result, she was denied a home loan and suffers from "depression, anxiety, frequent headaches, and a gastric ulcer." (Doc. 17 at 4). These allegations, though vague, are sufficient to survive outright dismissal. *Bradley*, 224 Fed. App'x at 895. Defendant, however, challenges the sufficiency of the amount in controversy, shifting the burden to Plaintiff to show that the claim meets the jurisdictional minimum. *Horton*, 367 U.S. at 352-53.

At this point, that burden has not been met. Plaintiff's purported damages amount to nine times the value of the entire contract (which is only $11,400). Even assuming that Plaintiff could

---

[1] Plaintiff's original Complaint, though not as precisely drafted as the amended complaints, is clearly based on the same conduct with the same requested relief. For clarity, the Court will refer to the Second Amended Complaint even though the sufficiency of the amount in controversy is technically measured at the time of filing. *See Leonard*, 279 F.3d at 972.

recover treble damages for Defendant's wrongful retention of her deposit,[2] she would still be nearly $61,000 short of the jurisdictional amount. She attempts to make up for this deficit by claiming damages in excess of $100,000 for conversion (which is duplicative of the breach of contract count), intentional infliction of emotional distress, and defamation. It is unlikely that any conceivable set of facts could justify such a large recovery in this case. Regardless, Plaintiff fails to present any specific facts to support such a claim,[3] and she failed to respond to the Motion to Dismiss. As such, the Second Amended Complaint will be dismissed without prejudice, Plaintiff may file a third amended complaint to remedy the jurisdictional deficiencies.

Therefore, it is **ORDERED** that Defendant's Motion to Dismiss (Doc. 30) is **GRANTED**. Plaintiff's Second Amended Complaint is **DISMISSED without prejudice**. Plaintiff may file a Third Amended Complaint by no later than **Monday, April 23, 2012**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 9, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

---

[2] In the original Complaint, Plaintiff asserts that she is entitled to treble damages pursuant to Florida law. This claim was removed from the Second Amended Complaint.

[3] There are no specific allegations about the amount of her emotional or physical damages, and no allegations regarding the damages she suffered as a result of being denied a home loan, if any.